Appendix 5

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

| | | |
|---|---|---|
| AVRAHAM GOLD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE CO., NEW YORK LIFE INSURANCE AND ANNUITY CORP., NY LIFE INSURANCE CO. OF ARIZONA, NYLIFE SECURITIES LLC (f/k/a NYLIFE SECURITIES, INC.), JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations).<br><br>Defendants. | 09 Civ. 3210 (WHP)<br><br><br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |  |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/09

RECEIVED
OCT 13 2009
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Avraham Gold and Defendants New York Life Insurance Company, New York Life Insurance Annuity Corporation, NYLIFE Insurance Company of Arizona and NYLIFE Securities LLC ("Defendants") and by and between their undersigned counsel, that:

1. (a) "Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 4-6 and 16 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 7-15 of this Order.

   (b) "This action" shall refer to the above-captioned action and any related appeals and to no other action.

2.   Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document or material that is either (i) produced during discovery proceedings in this action or (ii) generated by a party in this action, including, but not limited to, answers to interrogatories and responses to any request for the production of documents which constitute or contain proprietary or sensitive business, personal or personnel information, or any extracts or summaries thereof.

3.   Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

4.   Documents and other discovery materials may be designated as Confidential Material: (i) by affixing a legend to every page of the document at the time of production; (ii) by written statement of counsel for the producing party at the time of, or prior to, production that the document or material is to be treated as Confidential Material; (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 5 below; or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 6 below.  Such designation may occur at any time up to and including the fifteenth day after the date on which the documents or other discovery materials were produced.  In the interim, all documents and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement and Protective Order until the end of the fifteenth day after the date on which they are produced.  If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing prior to the close of fact discovery.  If the parties are unable to resolve their dispute after such notice, then either party may seek to move the Court for an order approving or removing the confidential

DB1/61946292.4

6. Motion papers or other Court filings that disclose Confidential Material shall automatically be deemed confidential subject to the terms of this Confidentiality Agreement and Protective Order and may be filed under seal where Confidential Material is unavoidably used in the body of the motion. If the Confidential Material is contained in exhibits, then the exhibits shall be filed under seal. If the receiving party disputes a confidential designation of motion papers or exhibits, then the receiving party must notify the designating party of that dispute in writing. If the parties are unable to resolve their dispute, either party may seek to move in accordance with the Court's rules and procedures for an order approving or removing the confidential designation and the non-moving party may oppose such motion. In the interim, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

7. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of this Court; provided that nothing contained in this Confidentiality Agreement and Protective Order shall affect or restrict the rights of any party with respect to its own documents, except to the extent that documents in Plaintiff's possession or control contain Confidential Information as defined in Plaintiff's Agent's Contract dated September 1, 2003. This paragraph shall not be deemed a waiver or modification of the terms of the Agent's Contract prohibiting the use or disclosure of such Confidential Information.

8. Confidential Material shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    (a)    the Court in this action;

(b) counsel for any party retained in or working on the prosecution, defense, or settlement of this action including co-counsel and counsel employed directly by any party;

(c) employees of counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this action;

(d) the parties to this action, including any director, officer or employee of any party to this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

(e) witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action and only if the witnesses and consultants sign an Acknowledgement agreeing to be bound by the Confidentiality Agreement and Protective Order.

9. Any disputes regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues concerning Confidential Material. If any disputes remain unresolved following such meeting, the parties shall promptly seek the Court's assistance. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

10. Prior to the disclosure of any Confidential Material to Plaintiff, Defendants, or any individual entitled to review such information pursuant to the provisions of paragraph 8(e), such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read the Agreement and Order, he or she shall be required to sign a copy of the attached agreement acknowledging that he or she shall abide by the terms of this Confidentiality Agreement and Protective Order. The parties agree to obtain and retain a signed copy of the attached Acknowledgement from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

11.     The inadvertent or unintentional disclosure of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

12.     A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential Material pursuant to this Confidentiality Agreement and Protective Order.

13.     If any party receives a subpoena or other process from any person seeking production of Confidential Material, that party shall give notice as soon as possible to the party that designated such Confidential Material, enclosing a copy of the subpoena or other process. No disclosure may be made pursuant to the subpoena or other process until the designating party has been given such notice and has had a reasonable opportunity to quash such subpoena.

14.     Upon the final termination of this action and fulfillment of all terms of any judgment or settlement, each party, upon the request of the other party, shall return to the other party or destroy all Confidential Material designated by the other party, including any such Confidential Material disclosed to third persons. Notwithstanding this provision, counsel for Defendants shall retain an archival copy of all documents produced in discovery for six (6) years and shall provide Plaintiff's counsel with a copy of any requested documents within thirty (30) days of a request for such documents. Any Confidential Material in the archival copy shall remain subject to this Confidentiality Agreement and Protective Order. Counsel may only

DB1/61946292.4

request or use such documents for the purpose of defending against any claims brought against them or as required by law to respond to a duly served subpoena or Court order. In addition, and also notwithstanding this provision, each party's counsel of record shall be permitted to retain one archival copy of documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. An archival copy of Confidential Material shall remain subject to this Confidentiality Agreement and Protective Order.

15.  The provisions of this Confidentiality Agreement and Protective Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Confidentiality Agreement and Protective Order or any provision hereof.

16.  A party producing documents or other material designated as Confidential Material under this Confidentiality Agreement and Protective Order may, at any time, agree to waive the Confidential Material designation as to any document or group of documents that it produces. Such waiver shall be communicated to the receiving party in writing and shall have the affect of removing such material from the restrictions of this Confidentiality Agreement and Protective Order.

17.  The Parties acknowledge that Discovery Materials exchanged by the parties in the lawsuit captioned Chenensky v. New York Life Insurance Company, et al., Docket No. 07-civ-11504, pending in the United States District Court for the Southern District of New York (the "Chenensky Action"), shall be deemed produced in this action. Such materials shall include documents, depositions and other materials exchanged by the parties in the Chenensky Action. The Parties agree that any such Discovery Materials that are Confidential Material under

DB1/61946292.4

the terms of the June 6, 2008 Stipulated Confidentiality and Protective Order in the Chenensky Action shall also be deemed and treated as Confidential Material under this Confidentiality Agreement and Protective Order, and with respect to such Discovery Materials, a reference in this Order to a producing or designating party shall be deemed to refer to the original producing or designating party in the Chenensky action. The Parties further acknowledge that production in this action of Discovery Materials from the Chenensky Action shall not constitute an admission as to the relevance or admissibility such Discovery Materials.

18. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Confidentiality Agreement and Protective Order is achieved.

19. The provisions of this Confidentiality Agreement and Protective Order are without prejudice to the right of any party to object to the production of documents it considers to be confidential, or to apply to the Court for any further Protective Order relating to any confidential documents or information, or for an order compelling production of documents.

20. This Confidentiality Agreement and Protective Order may be modified or amended by written agreement of the parties or by order of the Court for good cause shown.

21. The parties agree to seek the Court's approval of this Confidentiality Agreement and Protective Order. Notwithstanding the pendency of approval by the Court, this Confidentiality Agreement and Protective Order shall become effective among the parties who have executed it immediately upon its execution. If the Court does not approve this Confidentiality Agreement and Protective Order, the receiving party, upon written request, shall return to the producing parties all documents designated as confidential, and destroy all copies

thereof, after which the producing party will make the returned documents available for inspection at a mutually convenient location and time.

STIPULATED, AGREED AND CONSENTED TO BY:

LOVELL STEWART HALEBIAN LLP

By: *[signature]*
John Halebian
Adam C. Mayes
LOVELL STEWART HALEBIAN LLP
317 Madison Avenue, 21st Floor
New York, New York 10017
Phone: (212) 500-5010
Fax: (212) 208-6806
jhalebian@lshllp.com
amayes@lshllp.com
*Attorneys for Plaintiff*

Dated: October 13, 2009

MORGAN LEWIS & BOCKIUS LLP

By: *[signature]*
Richard G. Rosenblatt (pro hac vice)
Sean P. Lynch
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Phone: (609) 919-6600
Fax: (609) 919-6701
rrosenblatt@morganlewis.com
slynch@morganlewis.com

Michael L. Banks (pro hac vice)
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Phone (215) 963-5387
Fax (215) 963-5001
mbanks@morganlewis.com
*Attorneys for Defendants*

Dated: October 13, 2009

**SO ORDERED:**

*[signature]*
Hon. William H. Pauley, U.S.D.J.
October 20, 2009