UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
AVRAHAM GOLD,                              :
individually and on behalf of all others
similarly situated,                        :

                                :         09 Civ. 3210 (WHP)

               Plaintiff,      :         MEMORANDUM & ORDER

       -against-                      :

NEW YORK LIFE INSURANCE                    :
COMPANY et al.,
                                  :
              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Avraham Gold ("Gold"), a former insurance agent, brings this putative

class action against New York Life Insurance Company ("NYLIC"), New York Life Insurance

and Annuity Corporation ("NYLIAC"), NYLIFE Securities LLC ("NYLIFE"), and NYLIFE

Insurance Company of Arizona ("NYLAZ") (collectively, "New York Life"), alleging violations

of New York Labor Law § 193. New York Life moves to dismiss the Second Amended

Complaint for lack of subject matter jurisdiction. Alternatively, New York Life requests that the

Court decline jurisdiction pursuant to 28 U.S.C. § 1332(d)(4)(B). For the following reasons,

New York Life's motion to dismiss for lack of subject matter jurisdiction is denied, and New

York Life's motion requesting that this Court decline to exercise jurisdiction is granted.

BACKGROUND

        This Court's Memorandum and Order dated May 19, 2011 ("the May 2011

Order") sets forth the facts underlying this action. See Gold v. N.Y. Life Ins. Co., et al., No. 09

-1-

Civ. 3210 (WHP), 2011 WL 2421281, at *1-2 (S.D.N.Y. May 19, 2011).  Following the May

2011 Order, Gold sought leave to amend his complaint to add a claim for liquidated damages.

See Gold v. N.Y. Life Ins. Co., et al., No. 09 Civ. 3210 (WHP), 2012 WL 234374, at *2-*3

(S.D.N.Y. Jan. 10, 2012).  The Court granted Gold's motion, and Gold filed the Second

Amended Class Action Complaint on January 25, 2012.  (ECF. No. 92.)


DISCUSSION

I. CAFA Jurisdiction

   New York Life contends that the Court must dismiss this action because the

"home state exception" of the Class Action Fairness Act ("CAFA") deprives it of jurisdiction.

CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in

which the matter in controversy exceeds the sum or value of $5,000,000 . . . and is a class action

in which . . . any member of a class of plaintiffs is a citizen of a State different from any

defendant." 28 U.S.C. § 1332(d)(2). Section 1332(d)(4) enumerates two exceptions to CAFA

jurisdiction:  the so-called home state exception and the local controversy exception.  See 28

U.S.C. § 1332(d)(4).  The home state exception provides that a "district court shall decline to

exercise jurisdiction . . . [if] two-thirds or more of the members of all proposed plaintiff classes

in the aggregate, and the primary defendants, are citizens of the State in which the action was

originally filed." 28 U.S.C. § 1332(d)(4)(B).  "[W]hen jurisdiction is based on CAFA, the party

seeking to avail itself of an exception to CAFA jurisdiction over a case originally filed in federal

court bears the burden of proving the exception applies." Anirudh v. Citimortgage, Inc., 598 F.

Supp. 2d 448, 451 (S.D.N.Y. 2009) (internal quotation marks and citations omitted).

-2-

Here, New York Life has satisfied its burden of proving that the home state exception applies. New York Life offers proof that the first prong of the home state exception is satisfied because at least 87% of class members reside in New York. (See Declaration of Wesley Loden, dated Jan. 12, 2012 ("Wesley Decl.") at 3.) New York Life also demonstrates that the second prong is met because all the defendants are citizen of New York—the state in which this case was originally filed. A corporation is a citizen of every state in which it is incorporated and "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[P]rincipal place of business refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181,1186 (2010) (internal quotation marks omitted). There is no dispute that NYLIC, NYLIAC, and NYLIFE are New York citizens for jurisdictional purposes. (Amended Complaint ("Compl.") ¶ 8(a), (b).). Additionally, NYLAZ's "principal place of business" is in New York because its main administrative office is located there, and its legal, accounting, human resources, investments, and underwriting functions are headquartered there as well. Additionally, most of NYLAZ's current management structure is in New York, and none of its directors or officers work in Arizona. See Hertz Corp. v. Friend, 130 S. Ct. 1181,1192-93 (2010); (see also Declaration of Catherine A. Marrion, dated July 15, 2011 ("Marion Decl.") at 1-2.)

Gold does not dispute that New York Life has demonstrated that the requirements of the home state exception are met. Rather, the crux of Gold's opposition to this motion centers around (1) whether the home state exception is jurisdictional, and therefore, cannot be waived, and (2), if it is not jurisdictional, whether New York Life waived this defense by failing to timely raise this issue.

II. Nature of the Home State Exception

The Second Circuit has not addressed whether the home state exception is jurisdictional. But other circuits considering the local controversy exception, also within § 1332(d)(4), have ruled that the exception is not jurisdictional. See, e.g., Graphic Commc'ns Union v. CVS Caremark Corp., 636 F.3d 971, 973 (8th Cir. 2011); Morrison v. YTB Int'l, Inc., 649 F.3d 533, 536 (7th Cir. 2011). New York Life attempts to distinguish those cases because they concerned the local controversy exception rather than the home state exception. But the reasoning in those cases applies with equal force here. Like the local controversy exception, the home state exception "is set apart from the . . . jurisdictional requirements in the statute, [and] inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met." CVS Caremark Corp., 636 F.3d at 973 (citing 28 U.S.C. § 1332(d)(4)). Thus, the exceptions in § 1332(d)(4) "do not divest the district court of subject matter jurisdiction," but rather, "operate[] as an abstention doctrine." CVS Caremark Corp., 636 F.3d at 973; see also Morrison, 649 F.3d at 536. Accordingly, the home state exception is not jurisdictional and may be waived.

New York Life also contends that courts in this jurisdiction have held that the home state exception is jurisdictional, but this argument has little support. See e.g., Anirudh, 598 F. Supp. 2d at 452-54 (S.D.N.Y. 2009); Mattera v. Clear Channel, 239 F.R.D. 70, 81 (S.D.N.Y. 2006). The courts in Anirudh and Mattera, on which New York Life relies, offer inconsistent language about the home state exception's effect on jurisdiction. For example, the court in Anirudh stated ambivalently both that "we must decline to exercise jurisdiction over the case" and "we lack subject matter jurisdiction." Anirudh, 598 F. Supp. 2d 448, 452-54.

-4-

Similarly, in Mattera, the court found both that "exercise of CAFA jurisdiction over this case is inappropriate" and "[the court] does not have jurisdiction over this matter." Mattera, 239 F.R.D. at 81.  Moreover, Anirudh and Mattera do not control because neither case decided the precise issue before this Court—whether the home state exception is jurisdictional.  The only case in this jurisdiction squarely addressing this issue followed the approach of the Seventh and Eighth Circuits and found the local controversy exception was not jurisdictional.  See Calingo v. Meridian Resources Co., No. 11 Civ. 628 (VB), 2011 WL 3611319, at *6 (S.D.N.Y. Aug. 16, 2011).

New York Life also relies on a Senate Report stating that if the home state exception is satisfied, "the case would not be subject to federal jurisdiction."  Sen. Rpt. No. 109-14, at 28.  But this argument ignores that "[s]tatutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."  United States v. Kozeny, 541 F.3d 166, 171 (2d Cir. 2008) (internal quotation marks omitted).  And again, as the Eighth Circuit noted, the "shall decline to exercise" language "inherently recognizes" that a federal court has jurisdiction even when an exception is present.  See CVS Caremark Corp., 636 F.3d at 973.  Additionally, in other parts of the statute, Congress specified that CAFA jurisdiction "shall not apply."  See e.g., 28 U.S.C. § 1332(d)(5), (9).  The difference in Congess's choice of language further supports the argument that Congress intended that courts retain jurisdiction, but refrain from exercising it in certain circumstances.

III.  Timeliness of the Motion

To support his contention that New York Life has waived the ability to invoke the

home state exception, Gold incorrectly relies on 28 U.S.C. § 1447(c).  Section 1447(c) requires

that a motion to remand "based on any defect other than lack of subject matter jurisdiction" be

made within thirty days after the filing of a notice of removal.  28 U.S.C. § 1447(c).  Gold argues

that New York Life's motion is untimely because more than thirty days have passed since the

action was filed.  But § 1447(c) governs removal cases and says nothing about the time by which

New York Life must move to dismiss in a non-removal case.  And even where a party belatedly

moves for remand based on a CAFA exception, some courts relax the thirty day time limit and

impose a reasonableness standard in assessing whether the motion was timely.  See Calingo,

2011 WL 3611319, at *6; see also CVS Caremark Corp., 636 F.3d at 976 (remanding to district

court for determination about whether delay was reasonable).

There is no statutory authority compelling this Court to impose the thirty-day time

limits applicable to remand motions under 28 U.S.C. § 1447(c).  The present action—which has

inundated the Court with summary judgment motions and countless discovery disputes—

suggests that Congress should consider imposing a clear time limit for litigants to raise

exceptions to CAFA jurisdiction in the non-removal context.  This is so because the parties and

the Court have expended tremendous resources on this action: two earlier summary judgment

motions and countless discovery disputes.  But because Congress has not created a time limit by

which to bring this motion, this Court cannot impose one sua sponte.  Ali v. Federal Bureau of

Prisons, 552 U.S. 214, 228 (2008) (Courts "are not at liberty to rewrite the statute to reflect a

meaning [they] deem more desirable.").

-6-

Additionally, the facts do not support waiver.  Gold contends that because New York Life waited over two years to bring the home state exception to the Court's attention, it has waived the defense.  Gold surmises that New York Life purposely failed to raise the exception earlier as a way to escape federal jurisdiction, if necessary.  Gold contends that when he moved to amend his complaint to assert claims for liquidated damages, New York Life raised this issue to escape federal jurisdiction because liquidated damages are unavailable in state court.  See Shady Grove Orthopedic Assocs, P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1438-40 (2010).  But it is difficult to believe that New York Life concocted such a ploy in anticipation that someday in the future there might be a marked advantage to litigating in state court rather than federal court.

New York Life's delay more likely results from the discovery plan adopted in this action.  At Gold's request, the Court bifurcated merits and class discovery to mirror the discovery plan implemented in the companion case, Chenensky v. N.Y. Life Ins. Co., et al., 07 Civ. 11504. (ECF No. 10, 12.)  Because of this discovery plan, the parties did not commence class discovery until 2011.  And at that point, New York Life began the burdensome task of compiling its class list.  New York Life bears the burden of proving that it satisfies the home state exception applies and thus, could not rely on mere supposition.  See Anirudh, 598 F. Supp. 2d at 451; see also Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011) (requiring defendants to prove, by a preponderance of the evidence, that CAFA exception is satisfied).  Indeed, when New York Life asserted that the home state exception applied, Gold insisted on conducting its own discovery to test New York Life's assertions.  Given the litigious nature of the parties, this Court cannot credit New York Life's contention that it failed to raise its concerns about jurisdiction at any earlier time because Gold told New York Life that such a

-7-

motion would be premature.  But again, given the posture of discovery, New York Life appears to have been following the schedule set by the Court and agreed to by the parties.  Accordingly, New York Life has not waived its opportunity to assert that the home state exception applies.

### CONCLUSION

For the foregoing reasons, Defendants New York Life Insurance Company, New York Life Insurance and Annuity Corporation, NYLIFE Securities LLC, and NYLIFE Insurance Company of Arizona's motion to dismiss for lack of subject matter jurisdiction is denied, and their motion requesting that this Court decline to exercise jurisdiction is granted.  The Clerk of the Court is directed to terminate the motion pending at ECF. No. 26 and mark this case closed.

Dated: May 14, 2012
        New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

John Halebian, Esq.
Lovell Stewart Halebian LLP
500 Fifth Avenue
New York, NY 10110
*Counsel for Plaintiff*

Richard G. Rosenblatt, Esq.
Morgan, Lewis & Bockius LLP(NJ)
502 Carnegie Center
Princeton, NJ 08540
*Counsel for Defendants*